### GEO. N. BROWN v. D. D. GEIGER.

[Kentucky Law Reporter, Vol. 3—239.]

**Mistake as Ground for Relief.**

> Mistake can not furnish ground for relief to the party by whose fault it occurs. Such a mistake can not be relied on for affirmative relief against a written contract by a party who knew of the facts

at the time he made the contract, which mistake he relied upon to reform it.

**Mistake Known to One Party Only.**

If a mistake be known to one party and it operates as a surprise or fraud upon the other party, who is ignorant of it, the latter, but not the former, can obtain relief in equity upon the ground of mistake.

APPEAL FROM BOYD CRIMINAL COURT.

September 22, 1881.

OPINION BY JUDGE HARGIS:

Without regard to the extraneous evidence, the written agreement of. Nov. 25, 1869, between the appellant and appellee, although it may be construed as an exchange of lands, would not prevent the appellee from recovering on the ground of mistake in the value of the excess in the pasture field exchanged or sold to appellant, but for the fact that appellee admits in his deposition that at the time of the trade he knew the land he was about to let appellant have "would overrun the five acres."

He also testified that he did not remember that he stated his knowledge of the fact to appellant, because both tracts had to be surveyed, and if his overrun it would go as a credit on the $1,000 due Mr. Brown on their contract. Had he disclosed his knowledge to appellant that the "pasture field" contained more than five acres, the latter might not have been willing to pay $160 per acre for any material excess over that quantity, or exchange his lands for so many acres as 8 1/10 acres at $160 per acre. It was the duty of appellee not only to disclose his knowledge of the excess, but, if he wished to bind appellant to pay him therefor, he should have had it so stipulated in the written contract. Only the deficit was provided for in the contract, and appellant had the right, from this stipulation, to believe that appellee thought there would be no excess, and was not concealing the fact that "he knew at the time" his land would overrun five acres.

Mistake can not furnish any ground for relief to the party by whose fault it occurs. Nor can mistake be successfully relied on for affirmative relief against a written contract by a party who admits he was not mistaken, but knew of the facts at the time he made the contract, which he relies on to reform it.    *McKee v.*

*Hoover,* 1 T. B. Mon. (Ky.) 32.    If a mistake be known to one party and it operates as a surprise or fraud upon the other party who is ignorant of it, the latter, but not the former, can obtain relief in equity upon the ground of mistake.  1 Story's Eq. Jur. (11 ed.), § 147.

As to the conflict between appellee's land and the 42 acre tract of appellant, the latter should not have the benefit of the quantity contained in the interference.  Leaving this out, the difference between 90 acres and the actual quantity in three tracts which appellant sold, or exchanged with appellee, should be credited on the $600 due from the appellee to appellant, and judgment should be rendered in favor of the latter for the remainder.

Whereupon the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Geo. N. Brown, A. Duvall, for appellant.*

*W. C. Ireland, for appellee.*